| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jason C. Tatman, Esq. [SBN 265203]<br>LAW OFFICES OF JASON C. TATMAN, APC<br>5677 Oberlin Drive, Suite 11<br>San Diego, CA 92121<br>P:  858-717-5370<br>F:  844-252-6972<br>jt@nationwideconveyance.com<br><br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>BEAR CREEK PARTNERS, LLC | CASE NO.: 6:14-bk-25253<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| Debtor(s). | DATE: May 5, 2015<br>TIME: 1:30 p.m. PST<br>COURTROOM: 126 |

**Movant:** SOUTHERN CALIFORNIA INVESTORS, INC.

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☒ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 4/9/2015 _____

Law Offices of Jason C. Tatman, APC _____
Printed name of law firm (if applicable)

Jason C. Tatman, Esq. _____
Printed name of individual Movant or attorney for Movant

/s/ Jason C. Tatman _____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 2    **F 4001-1.RFS.RP.MOTION**

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

**1. Movant is the:**

☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

☐ Other (*specify*):

**2. The Property at Issue (Property):**

a. Address:

*Street address*:  22640 Bear Creek Drive North, aka Bear Creek Golf Club
*Unit/suite number*:
*City, state, zip code*: MURRIETA, CA 92562

b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __A__):

**3. Bankruptcy Case History:**

a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13 was filed on (*date*) __12/23/2014__.

b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

c. ☐ A plan, if any, was confirmed on (*date*) _____.

**4. Grounds for Relief from Stay:**

a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

(1) ☒ Movant's interest in the Property is not adequately protected.

(A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

(B) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

(C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

(2) ☐ The bankruptcy case was filed in bad faith.

(A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(F) ☐ Other (*see attached continuation page*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 3                        **F 4001-1.RFS.RP.MOTION**

(3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☒ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____,
which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (D***eclaration(s) MUST be signed under penalty of perjury and attached to this motion***)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit __C__.

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☒ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date: ___4/9/2015___

Law Offices of Jason C. Tatman, APC
_____
Printed name of law firm (*if applicable*)
Jason C. Tatman, Esq.
_____
Printed name of individual Movant or attorney for Movant

/s/ Jason C. Tatman
_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) __Robert Erdtsieck_____ , declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a. ☐  I am the Movant.

    b. ☒  I am employed by Movant as (*state title and capacity*):        President

    c. ☐  Other (*specify*):

2. a. ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐  Other (*see attached*):

3. The Movant is:

    a. ☐  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b. ☒  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit __A___.

    c. ☐  Servicing agent authorized to act on behalf of the:

        ☐  Holder.
        ☐  Beneficiary.

    d. ☐  Other (*specify*):

4. a.  The address of the Property is:

        *Street address*: 22640 Bear Creek Drive North, aka Bear Creek Golf Club
        *Unit/suite no.*:
        *City, state, zip code*:   MURRIETA, CA 92562

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

        See Exhibit A

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

  a. ☐ Debtor's principal residence      b. ☐ Other residence
  c. ☐ Multi-unit residential            d. ☒ Commercial
  e. ☐ Industrial                        f. ☒ Vacant land
  g. ☒ Other (*specify*): Bear Creek Golf Club

6. Nature of the Debtor's interest in the Property:

  a. ☐ Sole owner

  b. ☐ Co-owner(s) (*specify*):

  c. ☐ Lienholder (*specify*):

  d. ☐ Other (*specify*):

  e. ☒ The Debtor ☒ did ☐ did not  list the Property in the Debtor's schedules.

  f. ☒ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.

     The deed was recorded on (*date*) _9/12/2013___.

7. Movant holds a  ☒ deed of trust  ☐ judgment lien  ☐ other (*specify*) _____
   that encumbers the Property.

  a. ☒ A true and correct copy of the document as recorded is attached as Exhibit  _A___.

  b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
       attached as Exhibit  _B___.

  c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
       trust to Movant is attached as Exhibit _____.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 1,630,008.13 | $ | $ 1,630,008.13 |
| b. | Accrued interest: | $ 174,542.00 | $ 42,792.42 | $ 217,334.42 |
| c. | Late charges | $ | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 14,302.80 | $ 3,676.00 | $ 17,978.80 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): | $ 1,818,852.93 | $ 46,468.42 | $ 1,865,321.35 |

  h.  ☒ Loan is all due and payable because it matured on (*date*) _8/12/2014___

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
   has occurred*):

  a. Notice of default recorded on (*date*) _8/26/2014___ or ☐ none recorded.

  b. Notice of sale recorded on (*date*) _11/25/2014___ or ☐ none recorded.

  c. Foreclosure sale originally scheduled for (*date*) _12/24/2014___ or ☐ none scheduled.

  d. Foreclosure sale currently scheduled for (*date*) _5/6/2014___ or ☐ none scheduled.

  e. Foreclosure sale already held on (*date*) _____ or ☐ none held.

  f. Trustee's deed upon sale already recorded on (*date*) _____ or ☐ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $ 17,000.00 _____ for the month of April _____ 20 15 .

    b. Number of payments that have come due and were not made: 16 ___ . Total amount: $ 1,847,342.55 _____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $ 17,000.00 _____ will come due on (*date*) 5/1/2015 ___ , and on the 1st ___ day of each month thereafter. If the payment is not received within 10 ___ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $ 7,000,000.00 _____ , established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____ .

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____ .

        (3) ☒ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit C ___ .

        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Pacific Western Bank | $ 1,510,846.00 | $ |
| 2nd deed of trust: | Southern California Investors, Inc. | $ | $ 3,420,800.00 |
| 3rd deed of trust: | Southern California Investors, Inc. | $ | $ 1,847,342.55 |
| Judgment liens: | | $ | $ |
| Taxes: | Riverside County Clerk | $ 135,928.00 | $ |
| Other: | HOA Master Association Lien | $ 174,760.00 | $ |
| **TOTAL DEBT: $ 7,089,676.55** | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit C ___ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☒ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 0.00 _____ and is _____ % of the fair market value of the Property.

    h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ 0.00 _____ .

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                            Page 8                        **F 4001-1.RFS.RP.MOTION**

i. ☒ Estimated costs of sale: $ 560,000.00_____ (estimate based upon __8____% of estimated gross sales price)

j. ☒ The fair market value of the Property is declining because:

Oversaturation of like kind properties in Murrieta and debtor's instant Chapter 11 proceeding.

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                               $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                                        $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                              $[                              ]

TOTAL POSTPETITION DELINQUENCY:              $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$_____ received on (*date*) _____
$_____ received on (*date*) _____
$_____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                           Page 9                                **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
           Chapter: _____ Case number: _____
           Date filed: _____ Date discharged: _____ Date dismissed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

        2. Case name: _____
           Chapter: _____ Case number: _____
           Date filed: _____ Date discharged: _____ Date dismissed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

        3. Case name: _____
           Chapter: _____ Case number: _____
           Date filed: _____ Date discharged: _____ Date dismissed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*　　　　　　　　　　　　　　　Page 10　　　　　　　　　　　**F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 4/9/2015 | Robert Erdtsieck | |
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 11                        F 4001-1.RFS.RP.MOTION

# 2013-0444499
09/_2/2013 08:00 AM Fees: $107.00
Page 1 of 20
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MGREGSTON

**RECORDING REQUESTED BY:**
**CHICAGO TITLE COMPANY**
**AND WHEN RECORDED MAIL TO:**
**SOUTHERN CALIFORNIA INVESTORS,**
**INC.**
**27708 JEFFERSON AVE., # 200**
**TEMECULA, CA  92590**

ORDER NO.: ▮▮▮▮▮▮▮▮

Parcel Nos.: ▮▮▮ 031-8; ▮▮▮ 013-2            SPACE ABOVE THIS LINE FOR RECORDER'S USE

▮▮ 032-9; ▮▮ 045-8; ▮▮ 039-3 ▮ 003-0; ▮ 032-6; ▮ 041-5; ▮ 082-3;

▮▮ 083-4; ▮▮ 084-5; ▮▮ 005-5

TRA : ▮▮▮▮ / ▮▮▮▮

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (This Deed of Trust contains a "DUE-ON-SALE" clause)

This DEED OF TRUST, made September 6, 2013, between

**Bear Creek Partners LLC, a California limited liability company, herein called TRUSTOR,**
whose address is  P.O. Box 1189    Carlsbad,   CA   92018
            (Number and Street)          (City)          (State)          (Zip)

**Chicago Title Company**, a California Corporation, herein called TRUSTEE, and **Southern California Investors, Inc., a California**
corporation, herein called BENEFICIARY,

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale, that property in the City of **Murrieta**, County
of Riverside, California, described as:

See Exhibit "A" Attached hereto and made a part hereof

If the trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or
any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being
first had and obtained, beneficiary shall have the right, at its option, to declare any indebtedness or obligations secured hereby,
irrespective of the maturity date specified in any note evidencing the same, immediately due and payable.

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and
conferred upon Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing** (1) Payment of the indebtedness evidence by one promissory note of even date herewith executed by
Trustor in favor of Beneficiary or order in the principal sum of **$350,000.00**  (2) Performance of each agreement of Trustor contained
herein or incorporated by reference. (3) Payment of additional sums may hereafter be borrowed from Beneficiary by the then record
owner of said property, when evidenced by another promissory note (or Notes) reciting it is so secured. of Trust.

sfdotdos

**EXHIBIT "A"**

Escrow No.: ▮▮▮▮▮▮▮▮

**To protect the security of this Deed of Trust, Trustor agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (5), inclusive, of Section A and provisions (1) to (10), inclusive, of Section B of the fictitious deed of trust recorded in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, vis.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3788 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4788 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego SERIES 5 Book 1964, Page 149774 | | | | | |

(which provisions, identical in all counties are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in the Deed of Trust.

**The undersigned Trustor,** requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at this address hereinbefore set forth.

Dated:  September 10, 2013

Bear Creek Partners, LLC, a California limited
liability company

By: BCP Management, LLC, a California
Limited liability company
Its Manager

By: _____     9-10-13
                                                      Date

sfdodos

*Description: Riverside,CA Document-Year.DocID 2013.444499 Page: 2 of 20*
*Order: q Comment:*

**EXHIBIT "A"**

Escrow No.:

STATE OF CALIFORNIA
COUNTY OF   San Diego                    }ss:

On   9/10/13                                         before me,
Erin Gochenour
a Notary Public, personally appeared  Richard H. Gillette
who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies) and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature  Erin Gochenour

(This area for official notarial seal)

ERIN GOCHENOUR
COMM. # 1889442
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
MY COMM. EXP. MAY 15, 2014

Page 3 of 6

sfdotdos

**EXHIBIT "A"**

Escrow No.:

## DO NOT RECORD

The following is a copy of Subdivision A and B of the fictitious Deed of Trust recorded in each county in California as stated in the foregoing Deed of Trust and incorporated by reference is said Deed of Trust as being a part thereof as if set forth at length therein.

A. To protect the security of this Deed of Trust, Trustor agrees:

(1)  To keep said property in good condition and repair not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4)  To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.    It is mutually agreed:

(1)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3)  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plate thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4)  That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then hereunder.  The recitals in such reconveyance of any matter or facts shall be conclusive proof of the truthfulness thereof.  The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuances of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise

Page 4 of 6

Description: Riverside,CA Document-Year.DocID 2013.444499 Page: 4 of 20
Order: q Comment:

EXHIBIT "A"

Escrow No.: ▇▇▇▇▇▇▇▇▇

collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the persons legally entitled thereto.

(7)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8)    That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(9)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

sfdotdox

Description: Riverside,CA Document-Year.DocID 2013.444499 Page: 5 of 20
Order: q Comment:

**EXHIBIT "A"**

DOC #2013-0444499 P3    6 of 20 09/12/2013 08:00 AM

Escrow No.: ▇▇▇▇▇▇▇

## REQUEST FOR FULL RECONVEYANCE

TO CHICAGO TITLE COMPANY, TRUSTEE:

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust. Said note or notes, together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated _____

Signature must be notarized  _____

Please mail Deed of Trust,                                 _____
Note and Reconveyance to _____

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

afdot.dos

**EXHIBIT "A"**

# "EXHIBIT A"
## LEGAL DESCRIPTION

PARCEL 1:

LOT 61 OF THE AMENDED TRACT NO. 14854-1, IN THE CITY OF MURRIETA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN <u>BOOK 158, PAGES 7 THROUGH 19</u>, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY' RECORDER OF SAID COUNTY.

TOGETHER WITH THAT PORTION OF LOT 60 OF SAID TRACT NO. 14854-1, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 60;

THENCE NORTHWESTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT 61 ON A NON-TANGENT CURVE
CONCAVE NORTHEASTERLY, HAVING A RADIUS OF 2,344.39 FEET, THROUGH AN ANGLE OF 01° 08' 25", AN
ARC LENGTH OF 46.66 FEET (THE INITIAL RADIAL LINE BEARS SOUTH 19° 39' 56" WEST);

THENCE NORTH 08° 43' 32" EAST 59.22 FEET;

THENCE NORTH 22° 27' 20" EAST, 102.53 FEET;

THENCE NORTH 48° 19' 07" EAST, 99.42 FEET TO THE POINT OF BEGINNING OF THE PARCEL OF LAND TO BE DESCRIBED;

THENCE CONTINUING NORTH 46° 19' 07" EAST, 157.34 FEET TO AN ANGLE POINT IN THE NORTHWESTERLY LINE OF SAID LOT 60;

THENCE SOUTH 62° 14' 29" WEST ON THE NORTHWESTERLY LINE OF SAID LOT 60, 107.35 FEET TO AN ANGLE POINT THEREIN;

THENCE SOUTH 17° 45' 42" WEST ON THE NORTHWESTERLY LINE OF SAID LOT 60, 61.61 FEET TO THE POINT OF BEGINNING.

ALSO TOGETHER WITH THOSE PORTIONS OF RANCHO SANTA ROSA AS GRANTED BY THE GOVERNMENT OF THE UNITED STATES TO JUAN MORENO BY PATENT DATED OCTOBER 10, 1872 AND RECORDED JANUARY 8, 1873 OF OFFICIAL RECORDS OF SAN DIEGO COUNTY, CALIFORNIA, DESCRIBED AS FOLLOWS:

PARCEL A:

COMMENCING AT THE MOST NORTHERLY CORNER OF LOT 61 OF TRACT NO. 14854-1, IN THE CITY OF MURRIETA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN <u>BOOK 127, PAGES 79 THROUGH 91</u>, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY;

THENCE ALONG THE NORTHEASTERLY LINE OF SAID LOT 61, THE FOLLOWING SEVEN (7) COURSES:
SOUTH 30° 55' 03" EAST, 313.44 FEET;

**EXHIBIT "A"**

## LEGAL DESCRIPTION

(continued)

SOUTH 51° 42' 35" EAST, 145.24 FEET;

SOUTH 89° 14' 45" EAST 152.01 FEET;

SOUTH 69° 40' 19" EAST, 411 64 FEET;

SOUTH 45° 20' 06" EAST, 120.92 FEET;

SOUTH 68° 17' 37" EAST, 675.93 FEET; AND

SOUTH 01° 47 24" WEST, 59.92 FEET TO THE TRUE POINT OF BEGINNING;

THENCE RETRACING ALONG SAID NORTHEASTERLY LINE, NORTH 01° 17 24" EAST, 59.92
FEET AND NORTH 68° 17' 37" WEST, 140.16 FEET;

THENCE LEAVING SAID NORTHEASTERLY LINE, SOUTH 80° 53' 08" EAST, 119.58 FEET;

THENCE SOUTH 29° 08' 22" EAST, 65.25 FEET;

THENCE SOUTH 30° 59' 09" WEST, 41.75 FEET TO THE POINT OF BEGINNING.

PARCEL B:

COMMENCING AT THE MOST NORTHERLY CORNER OF LOT 61 OF TRACT NO. 14854-1, IN
THE CITY OF MURRIETA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP
RECORDED IN BOOK 127, PAGES 79 THROUGH 91, INCLUSIVE OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY;

THENCE ALONG THE NORTHEASTERLY LINE OF SAID LOT 61, THE FOLLOWING SIX(S)
COURSES:

SOUTH 30° 55' 03" EAST, 313.44 FEET;

SOUTH 51° 42' 35" EAST, 145.24 FEET;

SOUTH 89° 14' 46" EAST, 152.01 FEET;

SOUTH 69° 40' 19", EAST 411.64 FEET;

SOUTH 45° 20' 06" EAST, 120.92 FEET; AND

SOUTH 68° 17' 37" EAST, 390.04 FEET TO THE TRUE POINT OF BEGINNING;

THENCE RETRACING ALONG SAID NORTHEASTERLY LINE, NORTH 68° 17 37" WEST, 390.04
FEET' AND NORTH 45° 20' 06" WEST, 36.03 FEET;

THENCE LEAVING SAID NORTHEASTERLY LINE, SOUTH 69° 16' 54" EAST, 34.41 FEET;

THENCE SOUTH 79° 04' 24" EAST, 92.75 FEET;

EXHIBIT "A"

## LEGAL DESCRIPTION

(continued)

THENCE SOUTH 64° 35' 53" EAST, 210.36 FEET;

THENCE SOUTH 54° 51'13" EAST, 84.23 FEET TO THE POINT OF BEGINNING.

PARCEL C:

COMMENCING AT THE MOST NORTHERLY CORNER OF LOT 61 OF TRACT NO. 14854-1 AS
SHOWN BY MAP ON FILE IN BOOK 127, PAGES 79 THROUGH 91, THEREOF, OF MAPS,
RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

THENCE ALONG THE NORTHEASTERLY LINE OF SAID LOT 61 THE FOLLOWING TWO (2)
COURSES:

SOUTH 30° 55' 03" EAST, 313.44 FEET; AND

SOUTH 51° 42' 35" EAST, 110.63 FEET TO THE TRUE POINT OF BEGINNING;

THENCE RETRACING ALONG SAID NORTHEASTERLY LINE, NORTH 51° 42' 35" WEST,
110.63 FEE AND NORTH 30° 55' 03" WEST, 72.41 FEET;

THENCE LEAVING SAID NORTHEASTERLY LINE, SOUTH 76° 22' 17" EAST, 53.07 FEET;

THENCE SOUTH 31° 30' 56" EAST', 138.61 FEET TO THE POINT OF BEGINNING.

PARCEL D:

COMMENCING AT THE MOST NORTHERLY CORNER OF LOT 61 OF TRACT NO. 14854-1, IN
THE CITY OF MURRIETA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP
RECORDED IN BOOK 127, PAGES 79 THROUGH 91, INCLUSIVE OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY;

THENCE ALONG THE NORTHEASTERLY LINE OF SAID LOT 61, SOUTH 30° 55' 03" EAST,
95.64 FEET' TO THE TRUE POINT OF BEGINNING;

THENCE RETRACING ALONG SAID NORTHEASTERLY LINE, NORTH 30° 55' 03" WEST, 32.55
FEET TO THE BEGINNING OF A NON-TANGENT 176,00 FOOT RADIUS CURVE CONCAVE
NORTHEASTERLY, A RADIAL THROUGH SAID BEGINNING BEARS SOUTH 24° 26' 46"
WEST;

THENCE LEAVING SAID NORTHEASTERLY LINE, SOUTHEASTERLY ALONG THE ARC OF
SAID CURVE THROUGH A CENTRAL ANGLE OF 07° 32' 26", A DISTANCE OF 23.16 FEET;

THENCE SOUTH 14° 01' 07" WEST, 20.36 FEET TO THE POINT' OF BEGINNING.

EXHIBIT "A"

## LEGAL DESCRIPTION

(continued)

PARCEL E:

COMMENCING AT THE MOST NORTHERLY CORNER OF LOT 61 OF TRACT NO. 14854-1, IN
THE CITY OF MURRIETA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP
RECORDED IN BOOK 127, PAGES 79 THROUGH 91, INCLUSIVE OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY;

THENCE ALONG THE NORTHWESTERLY LINE OF SAID LOT 61, SOUTH 54° 44' 31" WEST,
41.32 FEET TO THE TRUE POINT OF BEGINNING;

THENCE CONTINUING ALONG SAID NORTHWESTERLY LINE, SOUTH 54° 44' 31" WEST,
231.73 FEET;

THENCE LEAVING SAID NORTHWESTERLY LINE, NORTH 08° 01,4W WEST, 100.30 FEET' TO
THE BEGINNING OF A NON-TANGENT 224.00 FOOT RADIUS CURVE CONCAVE
SOUTHEASTERLY, A RADIAL THROUGH SAID BEGINNING BEARS NORTH 29° 01' 23" WEST

THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL
ANGLE OF 01° 12' 59", A DISTANCE OF 4.76 FEET;

THENCE NORTH 62° 02' 36" EAST, 33,23 FEET TO THE BEGINNING OF A TANGENT 224.00
FOOT RADIUS CURVE CONCAVE SOUTHERLY;

THENCE EASTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF
44° 44' 32" A DISTANCE OF 174.92 FEET TO THE POINT OF BEGINNING.

EXCEPT FROM LOT 61, THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF LOT 60 OF SAID TRACT 14854-1;

THENCE NORTHWESTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT 61 ON A
NON-TANGENT CURVE CONCAVE NORTHEASTERLY, HAVING A RADIUS OF 2,344.39 FEET,
THROUGH AN ANGLE OF 01° 08' 25", AN ARC LENGTH OF 46.66 FEET, (THE INITIAL
RADIAL LINE BEARS SOUTH 19° 39' 56" WEST);

THENCE NORTH 08° 43' 32" EAST, 59.22 FEET;

THENCE NORTH 22° 27 20" EAST, 102.53 FEET;

THENCE NORTH 46° 19' 07" EAST, 99.42 FEET TO THE NORTHWESTERLY LINE OF SAID LOT
60;

THENCE SOUTH 17° 45' 42" WEST, ALONG SAID NORTHWESTERLY LINE, A DISTANCE OF
250.01 FEET TO THE POINT OF BEGINNING.

ALSO EXCEPT FROM LOT 61, THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 60;

**EXHIBIT "A"**

## LEGAL DESCRIPTION
(continued)

THENCE NORTH 46° 01' 45" WEST, ALONG THE NORTHEASTERLY LINE OF SAID LOT 60,
70.00 FEET TO AN ANGLE POINT THEREIN;

THENCE SOUTH 69° 52' 04" WEST, ALONG THE NORTHWESTERLY LINE OF SAID LOT 60,
301.38 FEET TO AN ANGLE POINT THEREIN;

THENCE NORTH 48° 18' 46" EAST, ALONG THE NORTHEASTERLY PROLONGATION OF THE
NORTHWESTERLY LINE OF SAID LOT 60, A DISTANCE OF 27.22 FEET TO A LINE PARALLEL
WITH AND 10.00 FEET NOR11-1WESTERLY, MEASURED AT RIGHT ANGLES FROM ThE
NORTHWESTERLY LINE OF SAID LOT 60;

THENCE NORTH 69° 52' 04" EAST, ALONG SAID PARALLEL LINE, 282.33 FEET TO A LINE
PARALLEL WITH AND 10,00 FEET NORTHEASTERLY, MEASURED AT RIGHT ANGLES FROM
THE NORTHEASTERLY LINE OF SAID LOT 60;

THENCE SOUTH 46° 01' 45" EAST ALONG SAID PARALLEL LINE, A DISTANCE OF 75.63 FEET
TO THE NORTHEASTERLY PROLONGATION OF THE SOUTHEASTERLY LINE OF SAID LOT
60;

THENCE SOUTH 40° 19' 59" WEST, ALONG SAID LINE, 10.02 FEET TO THE POINT OF
BEGINNING.

ALSO EXCEPT FROM THAT PORTION OF LOT 61, DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE CENTERLINE OF CLINTON KEITH ROAD
(FORMERLY SANTA ROSA ROAD), 110.00 FEET WIDE AND THE CENTERLINE OF BEAR
CREEK DRIVE NORTH (FORMERLY GOLDEN BEAR DRIVE NORTH), 65.00 FEET WIDE AS
SHOWN BY MAP OF SAID TRACT NO. 14854-I;

THENCE NORTH 10° 52' 53" EAST, 1,306.48 FEET TO AN ANGLE POINT ON A PORTION OF
THE EASTERLY LINE OF SAID LOT 61, SAID ANGLE POINT BEING THE TRUE POINT OF
BEGINNING;

THENCE SOUTH 79° 32' 49" EAST, 171.50 FEET;

THENCE SOUTH 73° 0' 00" EAST, 215.00 FEET TO A POINT ON THE WESTERLY LINE OF SAID
CLINTON KEITH ROAD;

THENCE SOUTHERLY, ON THE WESTERLY LINE OF SAID CLINTON KEITH ROAD, ON A
NON-TANGENT CURVE CONCAVE EASTERLY, HAVING A RADIUS OF 1,555.00 FEET,
THROUGH AN ANGLE OF 01° 14' 26", AN ARC LENGTH OF 33.67 FEET (THE INITIAL RADIAL
LINE BEARS NORTH 68° 31' 28" WEST) TO THE EASTERLY LINE OF SAID LOT 61;

THENCE ON THE EASTERLY LINE OF SAID LOT 61 THE FOLLOWING TWO (2) COURSES:

NORTH 76° 10' 13" WEST, 169.14 FEET; AND

NORTH 66° 45' 59" WEST, 215.47 FEET TO THE POINT OF BEGINNING.

**EXHIBIT "A"**

## LEGAL DESCRIPTION
(continued)

ALSO EXCEPT THOSE PORTIONS AS CONVEYED TO BEAR CREEK FOUNDERS, LTD., BY DEED RECORDED JULY 6, 1987 AS INSTRUMENT NO. 192102 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

ALSO EXCEPT LOT 61, THOSE PORTIONS AS CONVEYED TO BEAR CREEK, LTD., BY DEED RECORDED OCTOBER 13, 1987 AS INSTRUMENT NO. 295284 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

ALSO EXCEPT THAT PORTION AS CONVEYED TO BEAR CREEK LTD., BY DEED RECORDED NOVEMBER 20, 1987 AS INSTRUMENT NO. 333141 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

**PARCEL 2:**

THAT PORTION OF LOT 61 OF THE AMENDED TRACT NO. 14854-1, IN THE CITY OF MURRIETA, COUNT? OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 158, PAGES 7 THROUGH 19, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF LOT 13 OF SAID TRACT 14854-1, SAID POINT BEING ON THE NORTHERLY LINE OF BEAR CREEK DRIVE, NORTH;

THENCE NORTHWESTERLY AND NORTHEASTERLY ON SAID NORTHERLY LINE, THROUGH A CURVE CONCAVE TO THE NORTHEAST, HAVING AN INITIAL RADIAL BEARING OF NORTH 25° 26' 52" EAST, A CENTRAL ANGLE OF 95° 49' 25", A RADIUS OF 251.76 FEET AND AN ARC LENGTH OF 421.05 FEET;

THENCE CONTINUING ON SAID NORTHERLY LINE NORTH 31° 15' 27" EAST, 30.86 FEET;

THENCE THROUGH A TANGENT CURVE CONCAVE TO THE SOUTHWEST, HAVING A CENTRAL ANGLE OF 50° 43' 42", A RADIUS OF 178.29 FEET, AND AN ARC LENGTH OF 157.85 FEET TO THE TRUE POINT OF BEGINNING.

THENCE LEAVING SAID NORTHERLY LINE, THROUGH A CURVE, CONCAVE TO THE SOUTHEAST, HAVING AN INITIAL RADIAL BEARING OF SOUTH 70° 31' 45" WEST, A CENTRAL ANGLE OF 77° 33' 12' A RADIUS OF 30.50 FEET, AND AN ARC LENGTH OF 41.28 FEET;

THENCE NORTH 58° 04' 57" EAST, 107.33 FEET;

THENCE THROUGH A TANGENT CURVE CONCAVE TO THE NORTHWEST, HAVING A CENTRAL ANGLE OF 35° 57 26" A RADIUS OF 205.56 FEET AND AN ARC LENGTH OF 129.00 FEET;

THENCE NORTH 22° 07' 31" EAST, 471.76 FEET;

**EXHIBIT "A"**

## LEGAL DESCRIPTION
(continued)

THENCE THROUGH A TANGENT CURVE, CONCAVE TO THE SOUTHEAST, HAVING A CENTRAL ANGLE OF 45° 09' 37", A RADIUS OF 225.50 FEET, AND AN ARC LENGTH OF 177.74 FEET;

THENCE NORTH 67° 17' 08" EAST, 61.00 FEET;

THENCE THROUGH A TANGENT CURVE, CONCAVE TO THE NORTHWEST, HAVING A CENTRAL ANGLE OF 89° 21' 11", A RADIUS OF 104.50 FEET, AN ARC LENGTH OF 162.97 FEET;

THENCE NORTH 89° 00' 00" EAST, 24.86 FEET;

THENCE NORTH 01° 00' 00" WEST, 72.00 FEET;

THENCE SOUTH 89° 00' 00" WEST, 20.50 FEET;

THENCE NORTH 01° 00' 00" WEST, 50.00 FEET;

THENCE NORTH 89° 00' 00" EAST, 20.50 FEET;

THENCE NORTH 01° 00' 00" WEST, 99.68 FEET;

THENCE NORTH 67° 56' 17" WEST, 150.09 FEET;

THENCE NORTH 82° 21' 42" WEST, 87.32 FEET;

THENCE SOUTH 79° 20' 36" WEST, 168.25 FEET;

THENCE SOUTH 28° 54' 22" EAST, 84.42 FEET;

THENCE SOUTH 01° 27' 13" EAST, 113.12 FEET;

THENCE SOUTH 46° 06' 07" EAST, 164.68 FEET;

THENCE SOUTH 44° 01' 04" WEST, 53.37 FEET;

THENCE SOUTH 26° 16' 49" WEST, 56.42 FEET;

THENCE SOUTH 33° 08' 20" EAST, 87.95 FEET;

THENCE THROUGH A NON-TANGENT CURVE, CONCAVE TO THE SOUTHEAST, HAVING AN INITIAL RADIAL BEARING OF SOUTH 50° 21' 10" EAST, A CENTRAL ANGLE OF 17° 31' 19", A RADIUS OF 254.50 FEET AND AN ARC LENGTH OF 77.83 FEET;

THENCE SOUTH 22° 07' 31" WEST, 471.76 FEET;

THENCE THROUGH A TANGENT CURVE, CONCAVE TO THE NORTHWEST HAVING A CENTRAL ANGLE OF 35° 57'

**EXHIBIT "A"**

## LEGAL DESCRIPTION
(continued)

ALSO EXCEPTING THAT PORTION OF SAID LOT 64 AS CONTAINED IN DEED RECORDED
JANUARY 12,1989 AS FILE NO. 1989-11502

ALSO EXCEPT ALL OIL, GAS (INCLUDING METHANE), MINERALS, AND OTHER
HYDROCARBON SUBSTANCE, AND ALL GEOTHERMAL RESOURCES, AS DEFINED IN
SECTION 6903 OF THE CALIFORNIA PUBLIC RESOURCES CODE, INCLUDING RIGHTS
INCIDENTAL TO SUCH OWNERSHIP, NOW OR AT ANY TIME HEREAFTER SITUATED IN
AND UNDER THE REAL PROPERTY AND LYING BELOW A DEPTH OF 500.00 FEET
MEASURED VERTICALLY FROM THE SURFACE OF THE PROPERTY TOGETHER WITH THE
RIGHT TO EXPLORE FOR, EXTRACT AND PRODUCE THE SAME AND TO ENTER THE
SUBSURFACE OF THE PROPERTY FOR ALL OF SAID PURPOSES, WITHOUT, HOWEVER,
ANY RIGHT TO ENTER UPON THE SURFACE OF THE PROPERTY OR INTO THAT PORTION
OF THE SUBSURFACE THEREOF, LYING ABOVE A DEPTH OF 500.00 FEET, MEASURED
VERTICALLY FROM SAID SURFACE AS RESERVED BY BEAR CREEK LTD., A CALIFORNIA
LIMITED PARTNERSHIP, BY DEED RECORDED MARCH 2, 1984 AS INSTRUMENT NO. 43709
OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 4A:

A NON-EXCLUSIVE EASEMENT APPURTENANT TO THE REAL PROPERTY ABOVE-
DESCRIBED AS PARCELS 1, 2 AND 3 ON, OVER, UNDER AND ACROSS LOTS A THROUGH I.,
INCLUSIVE, OF TRACT NO. 14854-1, IN THE UNINCORPORATED AREA OF THE COUNTY OF

RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 127, PAGES 79
THROUGH 91, INCLUSIVE, OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, AND
AS AMENDED BY CERTIFICATE OF CORRECTION RECORDED MAY 6, 1983 AS
INSTRUMENT NO. 88373 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA,
FOR THE PURPOSE OF:

(A) INGRESS TO AND EGRESS FROM PARCEL A DESCRIBED IN DEED RECORDED MARCH 2,
1984 AS INSTRUMENT NO. 43709 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY,
CALIFORNIA;

(B) USE, MAINTENANCE AND OPERATION OF THE REAL PROPERTY ABOVE-DESCRIBED
AS PARCELS 1, 2 AND 3 AND ALL IMPROVEMENTS THERETO OR CONSTRUCTED
THEREON;

(C) USE, MAINTENANCE, AND OPERATION or ALL REAL PROPERTY USED IN CONNECTION
Wtl11 OR SERVICING THE REAL PROPERTY ABOVE-DESCRIBED AS PARCELS 1,2 AND 3;
AND

(D) SUPPLYING, CONSTRUCTING, OPERATING, FURNISHING, INSTALLING, REPAIRING
AND MAINTAINING ELECTRIC, TELEPHONE, WATER, GAS, SANITARY SEWER LINES AND
FACILI11ES AND DRAINAGE FACILITIES FOR THE REAL PROPERTY ABOVE-DESCRIBED AS
PARCELS 1, 2 AND 3 AND ALL IMPROVEMENTS THERETO OR CONSTRUCTED THEREON;

**EXHIBIT "A"**

## LEGAL DESCRIPTION

(continued)

THENCE NORTH 29° 32' 20" EAST 23.41 FEET ALONG THE WESTERLY LINE OF SAID TRACT 19883;

THENCE NORTH 01° 21' 04" WEST' 212.06 FEET ALONG SAID WESTERLY LINE TO THE MOST SOUTHERLY CORNER OF SAID LOT 43 OF TRACT 14854-1 AS SHOWN BY MAP ON FILE IN BOOK 127, PAGES 79 THROUGH 91, INCLUSIVE, OF MAPS, RECORD OF RIVERSIDE COUNTY', CALIFORNIA;

THENCE NORTH 51° 07' 42" WEST 128.96 FEET' ALONG THE SOUTHWESTERLY LINE OF LOTS 43 AND 44 OF SAID TRACT 14854-1 TO THE BEGINNING OF A NON-TANGENT CURVE CONCAVE NORTHERLY AND HAVING A RADIUS OF 214.00 FEET TO A RADIAL LINE THROUGH SAID CURVE BEARS NORTH 31° 02' 29" EAST;

THENCE NORTHWESTERLY 79.19 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 21° 12' 06";

THENCE NORTH 80° 09' 33" WEST, 17.88 FEET TO THE BEGINNING OF A CURVE CONCAVE NORTHEASTERLY
AND HAVING A RADIUS OF 186.00 FEET;

THENCE NORTHWESTERLY 134.05 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 41° 17' 40";

THENCE NORTH 38° 51' 53" WEST 98,61 FEET TO THE BEGINNING OF A CURVE CONCAVE NORTHEASTERLY AND HAVING A RADIUS OF 186.00 FEET;

THENCE NORTHWESTERLY 38.28 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGIE OF 11° 47' 30";

THENCE NORTH 27° 04' 23" WEST 182.94 FEET TO THE BEGINNING OF A CURVE CONCAVE EASTERLY AND HAVING A RADIUS OF 136.00 FEET;

THENCE WESTERLY, NORTHERLY AND EASTERLY 149.59 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 63° 01' 10";

THENCE NORTH 35° 56' 47" EAST 51.79 FEET TO A POINT ON THE BOUNDARY OF LOT 62 OF TRACT 14854-1 AS SHOWN BY MAP ON FILE IN BOOK 127, PAGES 79 THROUGH 91, INCLUSIVE, OF MAPS, RECORDS OF RIVERSIDE COUNTY', CALIFORNIA;

THENCE NORTH 25° 50' 58" WEST 47.30 FEET ALONG THE BOUNDARY OF SAID LOT 62 TO THE SOUTHEASTERLY CORNER OF LOT 7 OF TRACT 14854-2 AS SHOWN BY MAP ON FILE IN BOOK 142, PAGES 25 THROUGH 33, INCLUSIVE, OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

THENCE SOUTH 33 01' 26" WEST 143.12 FEET ALONG THE SOUTHERLY LINE OF SAID LOT 7;

EXHIBIT "A"

## LEGAL DESCRIPTION
(continued)

THENCE SOUTH 62° 38' 34" WEST 87.51 FEET ALONG SAID SOUTHERLY LINE TO A POINT
ON THE EASTERLY RIGHT OF WAY LINE OF HILLSIDE TRAIL DRIVE AS SHOWN ON SAID
TRACT 14854-2;
THENCE SOUTH 10° 37' 22" EAST' 39.42 FEET ALONG SAID EASTERLY RIGHT OF WAY TO
THE BEGINNING OF A CURVE CONCAVE NORTHEASTERLY AND HAVING A RADIUS OF
491.66 FEET

THENCE SOUTHERLY 263.28 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF
30° 40' 52";

THENCE SOUTH 41° 1W 14" EAST 22.22 FEET TO THE BEGINNING OF A CURVE CONCAVE
SOUTHWESTERLY AND HAVING A RADIUS OF 315.82 FEET;

THENCE SOUTHEASTERLY 96.09 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE
OF 17° 25' 55" TO THE MOST WESTERLY CORNER OF LOT 8 OF SAID TRACT 14854-2;

THENCE NORTH 66° 07' 39" EAST 47.11 FEET TO THE MOST NORTHERLY CORNER OF SAID
LOTS; THENCE SOUTH 490 18' 04" EAST 254.57 FEET TO THE MOST EASTERLY CORNER OF
SAID LOT 8;

THENCE SOUTH 04° 07' 37' WEST 168.61 FEET TO THE MOST SOUTHERLY CORNER OF LOT
9 OF SAID TRACT 14854-2, SAID POINT ALSO BEING ON THE NORTHERLY LINE OF BEAR
CREEK DRIVE SOUTH AS SHOWN ON SAID TRACT 14854-2, SAID POINT BEING THE
BEGINNING OF A NON-TANGENT CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS
OF 382.55 FEET, A RADIAL LINE THROUGH SAID CURVE BEARS NORTH 30 37' 17" EAST;

THENCE EASTERLY 200.22 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF
29° 59' 17" TO THE POINT OF BEGINNING, PURSUANT TO LOT LINE ADJUSTMENT NO. 3080
APPROVED BY THE RIVERSIDE COUNTY PLANNING DEPARTMENT ON NOVEMBER 17,
1989.


**PARCEL 9:**

THOSE PORTIONS OF LOTS 15, 16, 17 AND 18 OF AMENDED TRACT MAP 21370, IN THE CITY
OF MURRIETA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED
IN MAP BOOK 297, PAGES 96 THROUGH 101, INCLUSIVE, OF MAP, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST SOUTHERLY CORNER OF AFOREMENTIONED LOT 15;

THENCE NORTH 55° 09' 25" WEST, A DISTANCE OF 74.88 FEET, TO AN ANGLE POINT IN
SAID TRACT;

THENCE NORTH 01° 39' 39" WEST A DISTANCE OF 28.00 FEET, TO AN ANGLE POINT;

THENCE NORTH 58° 57' 17" EAST, A DISTANCE OF 150.19 FEET, TO AN ANGLE POINT;

THENCE NORTH 39° 39' 06" EAST, A DISTANCE OF 253.96 FEET, TO AN ANGLE POINT;

**EXHIBIT "A"**

**DO NOT DESTROY THIS NOTE:** When paid, this note and the Deed of Trust must be surrendered to the trustee with
request for reconveyance.

Escrow No: ███████

# STRAIGHT NOTE

$350,000.00                    San Diego, California,              September 6, 2013

_____ September 12, 2013 _____ after date,

for value received, **Bear Creek Partners LLC, a California limited liability company** _____

promise (s) to pay to:  Southern California Investors, Inc., a California corporation,  or order,

at _27708 Jefferson Avenue, Suite 200   Temecula, CA   92590_ _____

the sum of **Three Hundred Fifty Thousand and 00/100** _____ Dollars,

at the rate of Thirteen  **(13%** ) per cent, per annum,

which shall be paid in full Six (6) months from the date of closing.

Should payor be more than 10 days delinquent on  any installment as called for, payor agrees to pay to payee a LATE
CHARGE of ten (10% ) percent of the installment so delinquent.

"In the event of the filing of a Notice of Default on this note the interest rate set forth above will automatically increase
notice to 20% per annum from the date of last payment until reinstatement.  If this note is not paid in full on or before the
stated maturity date, the interest rate set forth above will automatically increase without notice to 20% per annum during the
period from maturity until payment in full."

"Borrower hereby acknowledges that this Note was arranged by Heller, Crouse & Company, Inc., a licensed real estate
broker for the State of California.."

"Any advance made by the holder of this Note for the purpose of protecting the security of the lien of the Deed of Trust
securing this Note, or to fulfill any obligation of the obligor under the terms of any senior encumbrance, or the terms of the
Deed of Trust securing this Note, shall bear interest at the rate provided by this Note."

"Should Trustor sell, convey, or alienate said property, or any part thereof, or any interest therein or be divested of his title
or any interest therein in any manner or way whether voluntarily or involuntarily, Beneficiary may declare the entire
indebtedness secured hereby, immediately due and payable."

Should suit be commenced to collect this note or any portion thereof, such sum as the Court may deem reasonable shall be
added hereto as attorney's fees.  Principal and interest payable in lawful money of the United States of America.  This note is
secured by a certain DEED OF TRUST to Chicago Title Company, a California corporation, as TRUSTEE.

Bear Creek Partners, LLC, a California limited liability company

By:  BCP Management, LLC, a California limited liability company,
     Its Manager

By: _____
     Richard H. Gillette, Manager

snotedos

**EXHIBIT "B"**

Recording requested by:


After Recording Mail To:

Heller, Crouse & Co., Inc.
P.O. Box 1189
Carlsbad, CA 92018


# MODIFICATION AGREEMENT


THIS MODIFICATION AGREEMENT, made this 25th day of April, 2014 by BEAR CREEK PARTNERS, LLC, a California limited liability company and hereinafter referred to as "OWNER", and present owner and holder of the deed of trust and note hereinafter described and SOUTHERN CALIFORNIA INVESTORS, INC., A California Corporation  hereinafter referred to as "BENEFICIARY";


## WITNESSETH


THAT WHEREAS, OWNER, did execute a Deed of Trust with Assignment of Rents dated September 6, 2013 ("Deed of Trust"), to Chicago Title Company, a California Corporation and recorded on September 12, 2013 as document number 2013-0444499 in the Official Records of Riverside County, covering: SEE ATTACHED EXHIBIT 'A';

WHEREAS, said Deed of Trust secures a Promissory Note in the principal sum of $350,000.00, dated September 6, 2013 ("Note") in favor of BENEFICIARY;

WHEREAS, the parties hereby acknowledge the unpaid principal balance of said Note is $4 7,171.58 and upon which interest is paid to June 12, 2014, at the rate of Thirteen (13) percent per annum; and

WHEREAS, OWNER has requested an additional advance, along with other concessions.
/
/
/

1

**EXHIBIT "B"**

NOW THEREFORE; in consideration of the premises, and of the agreements hereinafter contained, the parties agree as follows:

1. The maturity date remains June 12, 2014.
2. The unpaid balance as of June 12, 2014 is $576,924.86, upon which interest is prepaid and fully earned by BENEFICIARY.
3. The unpaid balance through June 12, 2014 shall be due and payable upon maturity or pay-off, whichever comes first.
4. The Deed of Trust is hereby amended and modified to provide that it shall secure payment and performance of all of OWNER'S indebtedness and other obligations under the Note and all extensions, renewals, modifications, and replacements thereof, including, without limitation, the additional loan advance made by BENEFICIARY in accordance with the terms of this Agreement.
5. All other terms and conditions remain unchanged.

OWNER expressly agrees, guarantees and represents, and this Agreement is executed by BENEFICIARY and is effective only upon the conditions, that 1) any extensions, renewals, or forbearance of any portion of the obligation evidenced by said Note, as agreed hereinabove, shall in no way affect its liability thereunder; 2) the premises described in the aforesaid Deed of Trust is subject to no encumbrances subsequent to said Deed of Trust and that no other than the OWNER herein has any interest in the premises securing said Deed of Trust; and 3) the pleading of any statute of limitations as a defense to any action or proceeding brought for the enforcement of any of the provisions of this agreement, the said Note, Deed of Trust, and/or any other security instrument(s) which may pertain to the subject obligation, is hereby waived to the fullest extent permissible by law.

BENEFICIARY hereby agrees to the modification of the terms of said Note to the extent specifically set forth, but only on the conditions stated in the preceding paragraph and on the further condition that such modifications shall not prejudice any present or future rights, remedies, benefits, or powers belonging or accrued to BENEFICIARY under the terms of said Note as hereby amended, or of the Deed of Trust securing same. In all other respects said Note and Deed of Trust shall remain unaffected, unchanged, and unimpaired by reason of the foregoing extension and/or modification.

This Agreement is subject to the further condition that BENEFICIARY receive and approve insurance (or endorsement) issued by a title insurance company approved by BENEFICIARY, at no cost to BENEFICIARY, insuring that the priority and validity of the Trust will not be impaired by this Agreement or the transactions contemplated hereby.

OWNER hereby releases, and forever discharges BENEFICIARY, and each of its officers, directors, shareholders, members, agents, attorneys and parent and subsidiary

EXHIBIT "B"

cor... if any, and each of them, from any and all debts, causes of action,
pro... controversies, contracts, sums of money, court costs, attorney's fees,
acc... ...ims and demands of any type whatsoever which may at any time have arisen
dire... ...directly out of the Note, Deed of Trust, and the premises described in the
afo... ...d of Trust.  OWNER agrees and represents that it is within its
co... ...n that it may have claims, causes of action or demands against
BE... ...RY being released herein, of which, at the time of the execution of this
Agr... ...t might have no knowledge; but agrees the release contained herein extends
to a... ...matters or things existing or occurring at anytime up to and including the
dat... ...reement, whether known or not known, claimed or suspected, against
F... ...y.

...R hereby waives the provisions of California Civil Code Section 1542,
w... ...s as follows:

...NERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
...TOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT
...IME OF EXECUTING THIS RELEASE, WHICH IF KNOWN BY HIM
...AVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
...R."

OW... ...ents that it has been fully apprised by independent counsel as to the full
m... ...above section.

... ...ment whenever the context so requires, the masculine gender includes the
fe... ...neuter, and the singular number includes the plural.

... ...E MODIFIED HEREBY, all of the terms, covenants, and conditions of
said ... ...eed of Trust, and any other security instruments and instruments of
o... ...may have been given and executed by any of the undersigned, are
h... ...ed and shall remain in full force and effect.

... ...ent may be executed in multiple counterparts, each of which shall be
dee... ...inal but all of which, together, shall constitute one and the same
inc...
/
/        balance of this page left intentionally blank
/
/

3

EXHIBIT "B"

T̶   ̶REEMENT shall not be effective until accepted in writing herein by all
par̶   ̶, by their signatures hereto below, BUT shall thereupon be effective without
any̶   ̶he undersigned.

Bea̶   ̶rtners, LLC, a California          Southern California Investors, Inc., a
lim̶   ̶y company                           California corporation

By: ̶   ̶nagement, LLC, a California        By: _____
   ̶   ̶ility company                        Name: _R. Marty Smith_
                                           Title: _C.E.O_

   ̶   ̶rd H. Gillette
   ̶   ̶ager

4

EXHIBIT "B"

Recording requested by:


After Recording Mail To:

Helier, Crouse & Co., Inc.
P.O. Box 1189
Carlsbad, CA 92018


# MODIFICATION AGREEMENT


THIS MODIFICATION AGREEMENT, made this 23rd day of May, 2014 by BEAR CREEK PARTNERS, LLC, a California limited liability company and hereinafter referred to as "OWNER", and present owner and holder of the deed of trust and note hereinafter described and SOUTHERN CALIFORNIA INVESTORS, INC., A California Corporation hereinafter referred to as "BENEFICIARY";


## WITNESSETH


THAT WHEREAS, OWNER, did execute a Deed of Trust with Assignment of Rents dated September 6, 2013 ("Deed of Trust"), to Chicago Title Company, a California Corporation and recorded on September 12, 2013 as document number 2013-0444499 in the Official Records of Riverside County, covering:  SEE ATTACHED EXHIBIT 'A';

WHEREAS, said Deed of Trust secures a Promissory Note in the principal sum of $350,000.00, dated September 6, 2013 ("Note") in favor of BENEFICIARY;

WHEREAS, the parties hereby acknowledge the unpaid principal balance of said Note is $576,924.86 and upon which interest is paid to June 12, 2014, at the rate of Thirteen (13) per cent per annum; and

WHEREAS, OWNER has requested additional funds, along with other concessions.

/
/
/
/


1

EXHIBIT "B"

NOW THEREFORE; in consideration of the premises, and of the agreements hereinafter contained, the parties agree as follows:

1. The maturity date is June 12, 2014.
2. The unpaid balance as of June 12, 2014 is $1,603,966.52.
3. The unpaid balance through June 12, 2014 shall be due and payable upon maturity or pay-off, whichever comes first.
4. The Deed of Trust is hereby amended and modified to provide that it shall secure payment and performance of all of OWNER'S indebtedness and other obligations under the Note and all extensions, renewals, modifications, and replacements thereof, including, without limitation, the additional loan advance made by BENEFICIARY in accordance with the terms of this Agreement.
5. All other terms and conditions remain unchanged.

OWNER expressly agrees, guarantees and represents, and this Agreement is executed by BENEFICIARY and is effective only upon the conditions, that 1) any extensions, renewals, or forbearance of any portion of the obligation evidenced by said Note, as agreed hereinabove, shall in no way affect its liability thereunder; 2) the premises described in the aforesaid Deed of Trust is subject to no encumbrances subsequent to said Deed of Trust and that no other than the OWNER herein has any interest in the premises securing said Deed of Trust; and 3) the pleading of any statute of limitations as a defense to any action or proceeding brought for the enforcement of any of the provisions of this agreement, the said Note, Deed of Trust, and/or any other security instrument(s) which may relate to the subject obligation, is hereby waived to the fullest extent permissible by law.

BENEFICIARY hereby agrees to the modification of the terms of said Note to the extent herein specifically set forth, but only on the conditions stated in the preceding paragraph and on the further condition that such modifications shall not prejudice any present or future rights, remedies, benefits, or powers belonging or accrued to BENEFICIARY under the terms of said Note as hereby amended, or of the Deed of Trust securing the same. In all other respects said Note and Deed of Trust shall remain unaffected, unchanged, and unimpaired by reason of the foregoing extension and/or modification.

This Agreement is subject to the further condition that BENEFICIARY receive and approve title insurance (or endorsement) issued by a title insurance company approved by BENEFICIARY, at no cost to BENEFICIARY, insuring that the priority and validity of the Deed of Trust will not be impaired by this Agreement or the transactions contemplated hereby.

OWNER hereby releases, and forever discharges BENEFICIARY, and each of its officers, directors, shareholders, members, agents, attorneys and parent and subsidiary companies, if any, and each of them, from any and all debts, causes of action, proceedings, controversies, contracts, sums of money, court costs, attorney's fees,

2

accounts, claims and demands of any type whatsoever which may at any time have arisen directly or indirectly out of the Note, Deed of Trust, and the premises described in the aforesaid Deed of Trust. OWNER agrees and represents that it is within its contemplation that it may have claims, causes of action or demands against BENEFICIARY being released herein, of which, at the time of the execution of this Agreement, it might have no knowledge; but agrees the release contained herein extends to all causes, matters or things existing or occurring at anytime up to and including the date of this Agreement, whether known or not known, claimed or suspected, against BENEFICIARY.

OWNER hereby waives the provisions of California Civil Code Section 1542, which provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THIS RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

OWNER represents that it has been fully apprised by independent counsel as to the full meaning of the above section.

IN this agreement whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

EXCEPT AS MODIFIED HEREBY, all of the terms, covenants, and conditions of said Note and Deed of Trust, and any other security instruments and instruments of obligation which may have been given and executed by any of the undersigned, are hereby confirmed and shall remain in full force and effect.

This Agreement may be executed in multiple counterparts, each of which shall be deemed an original but all of which, together, shall constitute one and the same instrument.

/
/                    balance of this page left intentionally blank
/
/

3

EXHIBIT "B"

THIS AGREEMENT shall not be effective until accepted in writing herein by all parties hereto, by their signatures hereto below, BUT shall thereupon be effective without any notice to the undersigned.

Bear Creek Partners, LLC, a California
limited liability company

By: BCP Management, LLC, a California
   limited liability company

By: _____
Name: Richard H. Gillette
Title: Manager

Southern California Investors, Inc., a
California corporation

By: _____
Name: _R. Marty Smith_
Title: _CEO_

4

EXHIBIT "B"





Recording requested by:

After Recording Mail To:

Southern California Investors, Inc.
43414 Business Park Drive
Temecula, CA 92590

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|---|---|---|---|---|---|---|
| I | | | 6 | | | | | | 12.50 |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM 602 |
| | | | | | | T: | | CTY | UNI |

## MODIFICATION AGREEMENT

THIS MODIFICATION AGREEMENT, made this 18th day of June, 2014 by BEAR CREEK PARTNERS, LLC, a California limited liability company and hereinafter referred to as "OWNER", and present owner and holder of the deed of trust and note hereinafter described and SOUTHERN CALIFORNIA INVESTORS, INC., A California Corporation  hereinafter referred to as "BENEFICIARY";

### WITNESSETH

THAT WHEREAS, OWNER, did execute a Deed of Trust with Assignment of Rents dated September 6, 2013 ("Deed of Trust"), to Chicago Title Company, a California Corporation and recorded on September 12, 2013 as document number 2013-0444499 in the Official Records of Riverside County, covering:  SEE ATTACHED EXHIBIT 'A';

WHEREAS, said Deed of Trust secures a Promissory Note in the principal sum of $350,000.00, dated September 6, 2013 ("Note") in favor of BENEFICIARY;

WHEREAS, the parties hereby acknowledge the unpaid principal balance of said Note is $1,603,966.46 and upon which interest is paid to June 12, 2014, at the rate of Thirteen (13) per cent per annum; and

WHEREAS, OWNER has requested an extension of the maturity date to August 12, 2014, along with other concessions.

/
/
/
/

1

EXHIBIT "B"

NOW THEREFORE; in consideration of the premises, and of the agreements hereinafter contained, the parties agree as follows:

1. The maturity date is hereby extended to August 12, 2014.
2. The unpaid balance as of August 12, 2014 is $1,630,008.13.
3. The unpaid balance through August 12, 2014 shall be due and payable upon maturity or pay-off, whichever comes first.
4. The Deed of Trust is hereby amended and modified to provide that it shall secure payment and performance of all of OWNER'S indebtedness and other obligations under the Note and all extensions, renewals, modifications, and replacements thereof, including, without limitation, the additional loan advance made by BENEFICIARY in accordance with the terms of this Agreement.
5. All other terms and conditions remain unchanged.

OWNER expressly agrees, guarantees and represents, and this Agreement is executed by BENEFICIARY and is effective only upon the conditions, that 1) any extensions, renewals, or forbearance of any portion of the obligation evidenced by said Note, as agreed hereinabove, shall in no way affect its liability thereunder; 2) the premises described in the aforesaid Deed of Trust is subject to no encumbrances subsequent to said Deed of Trust and that no other than the OWNER herein has any interest in the premises securing said Deed of Trust; and 3) the pleading of any statute of limitations as a defense to any action or proceeding brought for the enforcement of any of the provisions of this agreement, the said Note, Deed of Trust, and/or any other security instrument(s) which may relate to the subject obligation, is hereby waived to the fullest extent permissible by law.

BENEFICIARY hereby agrees to the modification of the terms of said Note to the extent herein specifically set forth, but only on the conditions stated in the preceding paragraph and on the further condition that such modifications shall not prejudice any present or future rights, remedies, benefits, or powers belonging or accrued to BENEFICIARY under the terms of said Note as hereby amended, or of the Deed of Trust securing the same. In all other respects said Note and Deed of Trust shall remain unaffected, unchanged, and unimpaired by reason of the foregoing extension and/or modification.

This Agreement is subject to the further condition that BENEFICIARY receive and approve title insurance (or endorsement) issued by a title insurance company approved by BENEFICIARY, at no cost to BENEFICIARY, insuring that the priority and validity of the Deed of Trust will not be impaired by this Agreement or the transactions contemplated hereby.

OWNER hereby releases, and forever discharges BENEFICIARY, and each of its officers, directors, shareholders, members, agents, attorneys and parent and subsidiary companies, if any, and each of them, from any and all debts, causes of action, proceedings, controversies, contracts, sums of money, court costs, attorney's fees,

EXHIBIT "B"

accounts, claims and demands of any type whatsoever which may at any time have arisen directly or indirectly out of the Note, Deed of Trust, and the premises described in the aforesaid Deed of Trust.  OWNER agrees and represents that it is within its contemplation that it may have claims, causes of action or demands against BENEFICIARY being released herein, of which, at the time of the execution of this Agreement, it might have no knowledge; but agrees the release contained herein extends to all causes, matters or things existing or occurring at anytime up to and including the date of this Agreement, whether known or not known, claimed or suspected, against BENEFICIARY.

OWNER hereby waives the provisions of California Civil Code Section 1542, which provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THIS RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

OWNER represents that it has been fully apprised by independent counsel as to the full meaning of the above section.

IN this agreement whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

EXCEPT AS MODIFIED HEREBY, all of the terms, covenants, and conditions of said Note and Deed of Trust, and any other security instruments and instruments of obligation which may have been given and executed by any of the undersigned, are hereby confirmed and shall remain in full force and effect.

This Agreement may be executed in multiple counterparts, each of which shall be deemed an original but all of which, together, shall constitute one and the same instrument.

/
/                    balance of this page left intentionally blank
/
/

**EXHIBIT "B"**

THIS AGREEMENT shall not be effective until accepted in writing herein by all parties hereto, by their signatures hereto below, BUT shall thereupon be effective without any notice to the undersigned.

Bear Creek Partners, LLC, a California
limited liability company

By: BCP Management, LLC, a California
    limited liability company

By: _____
Name: Richard H. Gillette
Title: Manager

Southern California Investors, Inc., a
California corporation

By: _____
Name: _____R. Marty Smith_____
Title: _____CEO_____

4

EXHIBIT "B"

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Riverside_

On _7-2-14_ before me, _Jessica Stiles, Notary Public_
    Date                         Here Insert Name and Title of the Officer

personally appeared _Richard H. Gillette_
                                      Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                          Signature of Notary Public

**JESSICA STILES**
Commission # 2065381
Notary Public - California
Riverside County
My Comm. Expires May 21, 2018

Place Notary Seal Above

——————— **OPTIONAL** ———————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Modification Agreement - Bear Creek Partners, LLC_

Document Date: _6-18-14_                 Number of Pages: _4_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Individual | ☐ Individual |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Attorney in Fact | ☐ Attorney in Fact |
| ☐ Trustee | ☐ Trustee |
| ☐ Guardian or Conservator | ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827



2014-0252436
07/03/2014 12:35P
5 of 6

**EXHIBIT "B"**

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Riverside_

On _7-8-14_ before me, _Jessica Stiles, Notary Public_,
　Date　　　　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared _R. Marty Smith_
　　　　　　　　　　　　　　　　　　Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Jessica Stiles_
　　　　　　　Signature of Notary Public

**JESSICA STILES**
Commission # 2065381
Notary Public - California
Riverside County
My Comm. Expires May 21, 2018

Place Notary Seal Above

――――――――――――――― **OPTIONAL** ―――――――――――――――

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Modification Agreement - Bear Creek Partners, LLC_

Document Date: _6-18-14_　　　　　　　　Number of Pages: _4_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
[ ] Individual
[ ] Corporate Officer — Title(s): _____
[ ] Partner — □ Limited □ General
[ ] Attorney in Fact
[ ] Trustee
[ ] Guardian or Conservator
[ ] Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
[ ] Individual
[ ] Corporate Officer — Title(s): _____
[ ] Partner — □ Limited □ General
[ ] Attorney in Fact
[ ] Trustee
[ ] Guardian or Conservator
[ ] Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O.Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827



2014-8252496
07/09/2014 12:35P
6 of 6

**EXHIBIT "B"**

B6A (Official Form 6A) (12/07)

In re  **Bear Creek Partners, LLC**                                                          Case No. _____
                                                      _____
                                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **22640 Bear Creek Drive North Murrieta, CA  92562**<br><br>**Private Golf Course Club House, and Restaurant and Bar:  Approximate Value:  $7,000,000.00- Currently Listed for Sale by CBRE for $7.0 Million (See Attached Offering Memorandum by CBRE)**<br><br>**Legal Description attached.**<br><br>**Adjacent 36-Acres of Vacant Land for Residential and related Development:  Approximate Value: $1,000,000.00** | **Fee Simple Absolute** | - | **8,000,000.00** | **6,813,951.13** |

|  |  |  |
|---|---|---|
| Sub-Total > | **8,000,000.00** | (Total of this page) |
| Total > | **8,000,000.00** |  |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

**EXHIBIT C**

B6D (Official Form 6D) (12/07)

In re   __Bear Creek Partners, LLC_____,   Case No. _____
                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | | |
| Account No. **xxx. # xxxx-xxx8473**<br><br>**Bear Creek Master Association**<br>**c/o Perry Law Group**<br>**20523 Crescent Bay Drive, 2nd Floor**<br>**Lake Forest, CA 92630** | - | | | | 2014<br>Lien Recorded in Riverside County<br>22640 Bear Creek Drive North<br>Murrieta, CA  92562<br>Private Golf Course Club House, and<br>Restaurant and Bar:  Approximate<br>Value:  $7,000,000.00- Currently Listed<br>for Sale by CBRE for $7.0 Million (See | X | X | X | | |
| | | | | | Value $          8,000,000.00 | | | | 174,760.00 | 0.00 |
| Account No. **Bear Creek Golf Club**<br><br>**Deere Credit Inc.**<br>**P.O. Box 6600**<br>**Johnston, IA 50131** | - | | | | Leased Equipment<br><br>John Deer Equipment | | | | | |
| | | | | | Value $                  0.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Golf Club**<br><br>**FP Easy Lease/Great America**<br>**Leasing Corporation**<br>**625 First Street SE**<br>**Cedar Rapids, IA 52406** | - | | | | Leased Office Equipment<br><br>Postage Machine | | | | | |
| | | | | | Value $                  0.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC**<br><br>**Gary P. Mineo**<br>**22280 Sky Breeze Court**<br>**Murrieta, CA 92562** | - | | | | 2012<br><br>Leased Equipment<br><br>62 Club Electric Carts<br>Estimate Value | | | | | |
| | | | | | Value $         75,000.00 | | | | 24,000.00 | 0.00 |

|  |  |  |
|---|---|---|
| __5__ continuation sheets attached | Subtotal<br>(Total of this page) | 198,760.00 | 0.00 |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

EXHIBIT C
Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re   **Bear Creek Partners, LLC**            ,      Case No. _____

                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. **Bear Creek Golf Club**<br><br>Gary P. Mineo<br>22280 Sky Breeze Court<br>Murrieta, CA 92562 | - | | | | **2012**<br><br>**Leased Equipment**<br><br>**Secured Promissory Note on Various Landscape Equipment** | | | | | |
| | | | | | Value $      100,000.00 | | | | 45,314.00 | 0.00 |
| Account No. **Bear Creek Golf Club**<br><br>GECC<br>300 E. John Carpenter Parkway<br>Suite 204<br>Irving, TX 75062 | - | | | | **Leased Equipment**<br><br>**Toro Equipment** | | | | | |
| | | | | | Value $      0.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Golf Club**<br><br>GECC<br>300 E. John Carpenter Parkway<br>Suite 204<br>Irving, TX 75062 | - | | | | **Leased Equipment**<br><br>**Smith Co. Greens Roller** | | | | | |
| | | | | | Value $      0.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Golf Club**<br><br>Great Amerca Leasing Corp.<br>625 First Street, SE<br>Cedar Rapids, IA 52406 | - | | | | **Leased Equipment**<br><br>**Office Copy Machine** | | | | | |
| | | | | | Value $      0.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Golf Club**<br><br>Leaf<br>2005 Market Street, 14th Floor<br>Philadelphia, PA 19103 | - | | | | **Equipment Lease**<br><br>**Sprayer** | | | | | |
| | | | | | Value $      0.00 | | | | 0.00 | 0.00 |

Sheet ___1___ of ___5___ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| Subtotal (Total of this page) | 45,314.00 | 0.00 |
|---|---|---|

**EXHIBIT C**

B6D (Official Form 6D) (12/07) - Cont.

In re   **Bear Creek Partners, LLC**                                    Case No. _____
                                                  ,
                              Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Bear Crrek Partners, LLC** <br><br> **Pacific Western Bank** <br> P.O. Box 131207 <br> Carlsbad, CA 92013 | X | - | 2009 <br> **1st Trust Deed** <br> 22640 Bear Creek Drive North <br> Murrieta, CA  92562 <br> **Private Golf Course Club House, and Restaurant and Bar:  Approximate Value:  $7,000,000.00- Currently Listed for Sale by CBRE for $7.0 Million (See** | | | | | |
| | | | Value $          8,000,000.00 | | | | 1,510,846.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC** <br><br> **Pacific Western Bank** <br> P.O. Box 131207 <br> Carlsbad, CA 92013 | | - | 2009 <br><br> **Personal Property Blanket Lien-Fully Secured by Real Property** <br><br> **Petty Cash** <br><br> **Located onsidte at Property.** | | | | | |
| | | | Value $             500.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC** <br><br> **Pacific Western Bank** <br> P.O. Box 131207 <br> Carlsbad, CA 92013 | | - | 2009 <br> **Blanket Personal Property Lien-UCC-1-Fully Secured by Real Property** <br> **Pacific Western  Bank** <br> 41381 Kalmia Street <br> Murrieta, CA  92562 <br> **Checking-Payroll-9974** | | | | | |
| | | | Value $          253,300.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC** <br><br> **Pacific Western Bank** <br> P.O. Box 131207 <br> Carlsbad, CA 92013 | | - | 2009 <br> **Blanket Lien on Personal Property-2009-Fully Secured by Real Property** <br> **One Used Computer Server** <br> **Eight Used Personal Computers** <br> **One Used Phone System** <br> **One Used Water Heater** | | | | | |
| | | | Value $          1,172.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC** <br><br> **Pacific Western Bank** <br> P.O. Box 131207 <br> Carlsbad, CA 92013 | | - | 2009 <br><br> **Blanket Lien on all Personal Property-Fully Secured by Real Property** <br><br> **Various Used Decorative Wall Hangings onsite at Property** | | | | | |
| | | | Value $          2,000.00 | | | | 0.00 | 0.00 |

Sheet  __2__  of  __5__  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| | |
|---|---|
| 1,510,846.00 | 0.00 |

**EXHIBIT C**
Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re   **Bear Creek Partners, LLC**                                      ,          Case No. _____
                                                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Bear Creek Partners, LLC** **Pacific Western Bank** P.O. Box 131207 Carlsbad, CA 92013 | | | 2009 **Blanket Lien on all Personl Property-UCC-1-Fully Secured by Real Property** **See attached Schedule of Club Member Receiveables** | | | | | |
| | | | Value $           65,915.82 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC** **Pacific Western Bank** P.O. Box 131207 Carlsbad, CA 92013 | | | 2009 **Blanket Lien on all Personal Property-UCC-1:  Fully Secured by Real Property** **Alcoholic Beverage License** **See attached Depreciation Schedule** | | | | | |
| | | | Value $           19,085.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC** **Pacific Western Bank** P.O. Box 131207 Carlsbad, CA 92013 | | | 2009 **Blanket Lien on all Personal Property-UCC-1-Fully Secured by Real Property** **One 2007 Chevrolet Silverado Truck** **Located onsite at Property.** | | | | | |
| | | | Value $           10,270.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC** **Pacific Western Bank** P.O. Box 131207 Carlsbad, CA 92013 | | | 2009 **Blanket Lien on all Personal Property-UCC-1-Fully Secured by Real Property** **Miscellaneous Used Office Equipment and Supplies** **Located onsite at Property** **See attached Depreciation Schedule** | | | | | |
| | | | Value $            8,662.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC** **Pacific Western Bank** P.O. Box 131207 Carlsbad, CA 92013 | | | 2009 **Blanket Lien on all Personal Property-UCC-1-Fully Secured by Real Property** **Miscellaneous Used Machinery, Fixtures, etc., for business** **Located onsite at Property** **See attached Depreciation Schedule** | | | | | |
| | | | Value $           89,919.00 | | | | 0.00 | 0.00 |

Sheet **3** of **5** continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)                        0.00          0.00

**EXHIBIT C**
Best Case Bankruptcy

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6D (Official Form 6D) (12/07) - Cont.

In re  **Bear Creek Partners, LLC**                                           Case No. _____
_____,
                              Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Bear Creek Partners, LLC**<br><br>**Pacific Western Bank**<br>**P.O. Box 131207**<br>**Carlsbad, CA 92013** | - | | **2009**<br>**Blanket Lien on All Personal Property-UCC-1-Fully Secured by Real Property**<br>**Various Used Business Machinery and Fixtures**<br>**Located onsite at Property**<br>**See Attached Depreciation Schedule** | | | | | |
| | | | Value $                    89,919.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC**<br><br>**Pacific Western Bank**<br>**P.O. Box 131207**<br>**Carlsbad, CA 92013** | - | | **2009**<br>**Blanket Lien on All Personal Property-UCC-1-Fully Secured by Real Property**<br>**Food and Beverage Inventory-Clubhouse: $32,767.00**<br>**Pro Shop Merchandise: 129,392.00**<br>**See Attached Inventory Lists** | | | | | |
| | | | Value $                   162,159.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC**<br><br>**Pacific Western Bank**<br>**P.O. Box 131207**<br>**Carlsbad, CA 92013** | - | | **2009**<br>**Blanket Lien on all Personal Property-UCC-1-Fully Secured by Real Property**<br>**Various Golf Course Maintenance Chemicals**<br>**Located onsidte at Property** | | | | | |
| | | | Value $                    25,000.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Golf Club**<br><br>**PNC Equipment**<br>**995 Dalton Ave.**<br>**Cincinnati, OH 45203** | - | | **Leased Equipment**<br><br>**Toro Equipment** | | | | | |
| | | | Value $                         0.00 | | | | 0.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC**<br><br>**Riverside County Clerk**<br>**P.O. Box 12005**<br>**Riverside, CA 92502** | - | | **2014**<br>**22640 Bear Creek Drive North**<br>**Murrieta, CA  92562**<br>**Private Golf Course Club House, and Restaurant and Bar:  Approximate Value: $7,000,000.00- Currently Listed for Sale by CBRE for $7.0 Million (See Attached Offering Memorandum by** | | | | | |
| | | | Value $                 8,000,000.00 | | | | 135,928.00 | 0.00 |

Sheet  **4**  of  **5**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)                         135,928.00          0.00

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

**EXHIBIT C**
Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re    **Bear Creek Partners, LLC**
_____,    Case No. _____
                                      Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Bear Creek Partners, LLC**<br><br>**Southern California Investors, Inc.**<br>**22708 Jefferson Avenue, Suuite 200**<br>**Temecula, CA 92590** | | | **2009**<br>**2nd Trust Deed**<br>**22640 Bear Creek Drive North**<br>**Murrieta, CA 92562**<br>**Private Golf Course Club House, and**<br>**Restaurant and Bar: Approximate**<br>**Value: $7,000,000.00- Currently Listed**<br>**for Sale by CBRE for $7.0 Million (See** | | | | | |
| | | | Value $          8,000,000.00 | | | | 3,335,333.00 | 0.00 |
| Account No. **Bear Creek Partners, LLC**<br><br>**Southern California Investors, Inc.**<br>**22708 Jefferson Avenue, Suuite 200**<br>**Temecula, CA 92590** | | | **2013-Notice of Sale Set for December 24,**<br>**2014**<br>**3rd Trust Deed-Claim Amount Approx.-**<br>**22640 Bear Creek Drive North**<br>**Murrieta, CA 92562**<br>**Private Golf Course Club House, and**<br>**Restaurant and Bar: Approximate**<br>**Value: $7,000,000.00- Currently Listed** | | | | | |
| | | | Value $          8,000,000.00 | | | | 1,657,084.13 | 0.00 |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

Sheet   **5**   of   **5**    continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal<br>(Total of this page) | 4,992,417.13 | 0.00 |
|---|---|---|---|
|  | Total<br>(Report on Summary of Schedules) | 6,883,265.13 | 0.00 |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

**EXHIBIT C**
Best Case Bankruptcy

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**5677 Oberlin Drive, Suite 111, San Diego, CA 92121**

A true and correct copy of the foregoing document entitled (*specify*):
**Notice of Motion and Motion for Relief From the Automatic Stay**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 13, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael J Bujold      Michael.J.Bujold@usdoj.gov
- Everett L Green      everett.l.green@usdoj.gov
- Kenneth Hennesay      khennesay@allenmatkins.com
- James Andrew Hinds      jhinds@jhindslaw.com, zbilowit@jhindslaw.com
- Adam A Lewis      alewis@mofo.com
- Paul R Shankman      pshankman@jhindslaw.com
- Leonard M. Shulman      lshulman@shbllp.com
- United States Trustee (RS)      ustpregion16.rs.ecf@usdoj.gov
- Barouir B Yeretzian      byeretzian@jhindslaw.com, yeretzian@gmail.com
- Faisal Delawalla      faisal.delawalla@bryancave.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 13, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy – Via First Class Mail:**
**The Hon. Scott C. Clarkson**
**US Bankruptcy Court – Central District of California**
**411 West Fourth Street, Suite 5130**
**Courtroom 5C**
**Santa Ana, CA 92701-4593**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 13, 2015 | Jason C. Tatman | /s/ Jason C. Tatman |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE CONTINUATION PAGE

**20 LARGEST UNSECURED**
CARDMEMBER
SERVICES  PO
BOX 790408
SAINT LOUIS, MO 63179

**20 LARGEST UNSECURED**
CUTTER & BUCK
P.O. BOX 34855
SEATTLE WA 98124-1855

**20 LARGEST UNSECURED**
GE CAPITAL
P.O. BOX 802585
CHICAGO IL 60680-2585

**20 LARGEST UNSECURED**
GARRETT P. BROWN
C/O REX E. EDWARDS, ESQ.
6180 QUAIL VALLEY COURT, SUITE 201
RIVERSIDE CA 92507-0704

**20 LARGEST UNSECURED**
GARY P. MINEO
22280 SKY BREEZE COURT
MURRIETA CA 92562-5003

**20 LARGEST UNSECURED**
GENE GREGORY
22285 BEAR CREEK DRIVE NORTH
MURRIETA CA 92562-3086

**20 LARGEST UNSECURED**
I.C.W. GROUP
P.O. BOX 85563
SAN DIEGO CA 92186-5563

**20 LARGEST UNSECURED**
INGARDIA BROS. PRODUCE
700 S. HATHAWAY STREET
SANTA ANA CA 92705-4126

**20 LARGEST UNSECURED**
JACK TRUETT HAVLICHECK  JC PLUMBING
38365 INNOVATION COURT, #J1002
MURRIETA CA 92563-2627

**20 LARGEST UNSECURED**
KIM SCHILLING
32030 CORTE CARDIN
TEMECULA CA 92592-3786

**20 LARGEST UNSECURED**
MISSION LINEN SUPPLY
2727 INDUSTRY STREET
OCEANSIDE CA 92054-4810

**20 LARGEST UNSECURED**
ROSS BUCKENTIN
24916 HAYES AVENUE
MURRIETA CA 92562-7263

**20 LARGEST UNSECURED**
SHAMROCK FOODS COMPANY
P.O. BOX 843539
LOS ANGELES CA 90084-3539

**20 LARGEST UNSECURED**
STOVER SEED COMPANY
P.O. BOX 861715
LOS ANGELES CA 90086-1715

**20 LARGEST UNSECURED**
TEMECULA 600, L.P., A CA LP
28820 E. VALLEJO AVENUE
TEMECULA CA 92592-2314

**20 LARGEST UNSECURED**
IAIN STURGE
40800 SUNFLOWER ROAD A202
MURRIETA, CA 92562

**20 LARGEST UNSECURED**
SIMPLOT PARTNERS
P.O. BOX 841136
LOS ANGELES, CA 90084

**20 LARGEST UNSECURED**
TARGET SPECIALTY PRODUCTS
P.O. BOX 3408
SANTA FE SPRINGS, CA 90670

**20 LARGEST UNSECURED**
US FOODS
FILE #50631
15155 NORTHAM STREET
LA MIRADA, CA 90638